# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONYETT DENISE FOUNTAIN | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-15-2447 |
| MARGARET CHIPPENDALE, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM

Respondents allege in the Limited Answer to the above-entitled Petition for Writ of Habeas Corpus that the petition is time-barred and must be dismissed. ECF 4. Petitioner Tonyett Fountain was provided an opportunity to file a Reply to explain why this Court may excuse the failure to file the petition in a timely manner and reach the merits of the claims asserted. ECF 5. Fountain has filed a Reply. ECF 9. For the reasons that follow, the petition must be dismissed as untimely.

Fountain pled guilty to first degree felony murder on April 20, 2009, in the Circuit Court for Caroline County. The guilty plea proceeding occurred after Fountain was granted a new trial in February 2009, following a jury trial in December of 2008, in which Fountain was found guilty of felony murder and burglary. ECF 4 at Ex. 1, p. 17. Pursuant to the guilty plea, Fountain was sentenced to life with all but 30 years suspended on May 5, 2009. *Id.*

Fountain did not file an application for leave to appeal the entry of her guilty plea and sentence. The time for doing so expired on June 4, 2009. *See* Md. Code Ann., Cts & Jud. Proc. §12-302(e); Md. Rule 8-204(b). For purposes of determining the applicable filing deadline for federal habeas relief under 28 U.S.C. §2254, Fountain's conviction was final on June 4, 2009.

On March 19, 2010, Fountain filed a petition for post-conviction relief in the Circuit Court for Caroline County, which was later withdrawn on June 11, 2010. ECF 4 at Ex. 1. No further petitions were filed by Fountain within the relevant time frame.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F. 3d 325, 330

(4th Cir. 2000)). To be entitled to equitable tolling, Fountain must establish that either some wrongful conduct by Respondents contributed to her delay in filing her petition or that circumstances that were beyond her control caused the delay. *See Harris,* 209 F. 3d at 330.

The one-year period for seeking federal habeas relief began to run in Fountain's case on June 4, 2009, and was tolled between March 19, 2010 and June 11, 2010, when her post-conviction petition was pending. Prior to the limitations period being tolled, 288 days (the time between June 4, 2009 and March 19, 2010) expired on the one-year limitations period. Following withdrawal of the post-conviction petition, Fountain had 77 days remaining on the limitations period, or until August 27, 2010, to file a federal habeas petition. The instant petition was filed on August 14, 2015.

Fountain asserts in Reply to Respondents' assertion that the petition is time-barred, that she was not aware of the availability of federal habeas relief and thought there was nothing she could do other than simply accept her sentence as imposed. ECF 9. In subsequent correspondence, Fountain states she is in the process of obtaining counsel to seek post-conviction relief. ECF 11.

Equitable tolling is unavailable where, as here, a litigant simply fails to realize there is a federal remedy available that must be pursued in a timely manner. The instant petition is time-barred, there exists no basis for excusing the delay, and the petition must be dismissed. Additionally, a certificate of appealability shall not issue as Fountain fails to demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).

A separate Order follows.

Dated: September 9, 2016
                                      /s/
                                      William M. Nickerson
                                      Senior United States District Judge

FILED ___ LOGGED ___ ENTERED ___ RECEIVED

SEP 09 2016

CLERK, AT BALTIMORE
U S DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY